RECEIVED

JAN 27 2006

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAFAYETTE DIVISION

| | |
|---|---|
| KENNY THOMAS | CIVIL ACTION NO. 05-1214 |
| VS. | SECTION P |
| WARDEN BURL CAIN | JUDGE DOHERTY |
| | MAGISTRATE JUDGE HILL |

## MEMORANDUM ORDER

Before the court is the Motion to Stay in Abeyance filed by *pro se* petitioner

Kenny Thomas in connection with his petition for writ of *habeas corpus* filed pursuant to

28 U.S.C. §2254 on June 20, 2005. [rec. doc. 11]. By this Motion, petitioner requests that

his federal petition be stayed and held in abeyance while he seeks review of "an

additional issue" in the Louisiana state courts, so that he may fully exhaust the issue

before requesting that this court review the issue by amended petition. Petitioner does not

disclose the factual or legal basis of the "additional issue." Moreover, petitioner does not

provide any reason as to why he failed to previously exhaust his unidentified claim in

state court.

In the context of "mixed" petitions, the Supreme Court has recently addressed a

district court's authority to grant stays in habeas cases pending exhaustion of state court

remedies.[1] *Rhines v. Weber*, 544 U.S. --, 125 S.Ct. 1528 (2005). In *Rhines*, the Court held that "[b]ecause granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts...", district courts may stay and hold in abeyance habeas petitions only in limited circumstances. *Rhines*, 125 S.Ct. at 1535. See also *Neville v. Dretke*, 423 F.3d 474, 479 (5th Cir. 2005). Accordingly, stay and abeyance is only appropriate when there is "good cause" for the petitioner's failure to exhaust his claim in state court prior to proceeding in federal court. *Id.* Moreover, even if there is "good cause" for that failure, stay and abeyance is only appropriate when the unexhausted claim is not "plainly meritless." *Id.*

In the instant Motion, petitioner has failed to establish the criteria for the grant of a stay as set forth in *Rhines*. Petitioner simply states that he believes there is an additional issue which may entitle him to federal *habeas* relief, and therefore asks this court to stay his pending petition to allow him to go back to state court to exhaust his new claim. Petitioner offers no justification as to why he did not previously exhaust his unidentified claim, nor does petitioner provide any factual or legal support for his newly discovered unidentified claim. Thus, there is nothing in the Motion which would enable this court to make the preliminary determination required by *Rhines*, namely whether there is or is not good cause for petitioner's failure to previously exhaust his claim, and whether the claim

---

[1] The undersigned acknowledges that because petitioner does not seek to amend his unexhausted claim at this time, the instant petition is not technically a "mixed" petition. However, at least two courts have applied the *Rhine* criteria under identical circumstances. *McFadden v. Senkowski*, 2005 WL 2000163 (W.D.N.Y. 2005); see also *Faden v. Annetts*, 2005 WL 1765714 (S.D.N.Y. 2005). Given the absence of contrary authority, the undersigned finds *Rhine* applicable herein.

is or is not "plainly meritless." To the contrary, given that the limitation period for seeking post-conviction relief in the state courts has clearly passed, it appears that federal *habeas* review of the claim would probably be procedurally barred, and as such, the claim would be deemed "plainly meritless."[2] See *Neville*, 423 F.3d at 480-481.

Additionally, petitioner indicates that after the claim is fully exhausted, he will seek leave to amend his petition adding this additional unidentified claim for relief. However, petitioner has not established that the new unidentified "additional claim" he now seeks to exhaust and then subsequently add to these proceedings is not barred by the one-year federal statute of limitations set forth at 28 U.S.C. 2244(d)(1).[3] In *Mayle v. Felix*,-- U.S. --, 125 S.Ct. 2562, 2566 (2005) the Supreme Court held that "[a]n amended habeas petition ...does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth."

---

[2]Under Louisiana law, petitioner's conviction became final on November 16, 2001, the date that petitioner's request for writs was denied by the Louisiana Supreme Court on direct appeal. La.C.Cr.P. art. 922(D); *State of Louisiana v. Kenny R. Thomas*, 2000-3439 (La. 11/16/2001), 801 So.2d 1073. Except under limited circumstances, no application for post-conviction relief may be considered by a Louisiana court if the application is filed more than two years after the judgment of conviction has become final. L.C.Cr.P. art. 930.8(A). Moreover, except under limited circumstances, Louisiana courts will not entertain successive or repetitive post-conviction applications. L.C.Cr.P. art. 930.4.

[3]Under federal law, petitioner's conviction became final for purposes of the one year limitation period on February 16, 2002, when the time for seeking direct review in the United States Supreme Court expired. See 28 U.S.C. § 2244(d)(1)(A); *Ott v. Johnson,* 192 F.3d 510 (5th Cir. 1999); See also *Clay v. United States*, 123 S.Ct. 1072, 1077 at fn. 3 (2003); Supreme Court Rule 13. Even with the benefit of statutory tolling during the pendency of state post-conviction proceedings, from December 2, 2002 through April 29, 2005, it is clear that well over one year has passed. See 28 U.S.C. § 2244(d)(2). Moreover, the filing of a federal habeas petition does not toll the federal limitation period. *Duncan v. Walker*, 533 U.S. 167, 181-182, 121 S.Ct. 2120 (2001).

For the above reasons, the Motion to Stay in Abeyance [rec. doc. 11] filed by *pro se* petitioner Kenny Thomas is **DENIED** without prejudice to re-filing upon an adequate showing pursuant to *Rhines v. Weber* that there is good cause for petitioner's failure to exhaust his proposed additional claim for relief, and that the claim is not plainly meritless, and upon an adequate showing pursuant to *Mayle v. Felix* that the additional claim petitioner now seeks to exhaust and then subsequently add to these proceedings is not barred by the one-year federal statute of limitations.

Any additional Motion to Stay these proceedings shall be filed no later than **February 23, 2006.** No extensions will be granted and any Motion for a Stay filed after that date will be denied.

Signed this __26__ day of January 2006, at Lafayette, Louisiana.

C. MICHAEL HILL
Unites States Magistrate Judge