RECEIVED
FEB 17 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| KENNY THOMAS | CIVIL ACTION NO. 05-1214 |
| VS. | SECTION P |
| WARDEN BURL CAIN | JUDGE DOHERTY |
| | MAGISTRATE JUDGE HILL |

## MEMORANDUM ORDER

Before the court is the Motion to Stay filed on February 6, 2006[1] by *pro se* petitioner Kenny Thomas in connection with his petition for writ of *habeas corpus* filed pursuant to 28 U.S.C. §2254 on June 20, 2005. This is the second Motion to Stay filed by Thomas, seeking a stay of these proceedings while petitioner seeks review of an "additional issue" in the Louisiana state courts, so that he may fully exhaust the issue before requesting that this court review the issue by amended petition.

In his prior Motion, Thomas did not disclose the factual or legal basis for the "additional issue", nor did he provide any reason as to why he failed to previously exhaust his unidentified claim in state court. Thus, this court was unable to make the

---

[1] The undersigned has given petitioner the benefit of the "mailbox rule", deeming the petition filed on the date it was signed by petitioner, that date representing the earliest date that the petitioner could have presented his pleading to prison authorities for mailing. See *Houston v. Lack*, 487 U.S. 266, 270-71, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988); *Spotville v. Cain*, 149 F.3d 374, 376 (5th Cir. 1998).

1

preliminary determination required by *Rhines v. Weber*[2] as to whether there was good cause for petitioner's failure to previously exhaust his claim, and if so, whether the claim was not "plainly meritless." Thomas was also advised that he had failed to establish that his proposed additional claim, which he sought to exhaust and then subsequently add to these proceedings, was not barred by the one-year federal statute of limitations in accordance with the principals set forth by the Supreme Court in *Mayle v. Felix*.[3] Accordingly, Thomas' Motion was denied without prejudice to re-filing upon an adequate showing pursuant to *Rhines v. Weber* that there is good cause for petitioner's failure to exhaust his proposed additional claim for relief and that the claim is not plainly meritless, and upon an adequate showing pursuant to *Mayle v. Felix* that the additional claim petitioner seeks to exhaust and then subsequently add to these proceedings is not barred by the one-year federal statute of limitations. [rec. doc. 14].

In the present Motion, petitioner alleges that the "additional issue" is based on the failure of the state prosecutor to correct allegedly "false" testimony given by expert witness Dr. Emil M. Laga. Attached to his Motion is a handwritten letter in which petitioner states that on November 14, 2005, he found out via contact with the Louisiana State Board of Medical Examiners that Dr. Laga is licensed "to do medicine and surgery." Thomas also attaches two newspaper articles published on March 28, 1999 and

---

[2] 544 U.S. --, 125 S.Ct. 1528 (2005).

[3] -- U.S. --, 125 S.Ct. 2562, 2566 (2005).

November 14, 1999, respectively, which discuss the cause of death of a hunter in Evangeline Parish, determined by uncertified pathologist, Dr. Laga, to have been murder, and by certified pathologist, Dr. George M. McCormick, II, to have been an accident. Petitioner additionally submits two undated newspaper articles. One article discusses testimony given by Dr. Laga in an Opelousas murder trial in which Dr. Laga's testimony regarding the results of drug screen he performed on the victim varied from the results of a drug screen performed by a Pennsylvania laboratory. Dr. Laga's test demonstrated the victim had used cocaine within several days of his death, and the Pennsylvania laboratory's test indicated that the victim had cocaine plus "slight traces" of PCP in his blood at the time of death. The second article discusses a Rhode Island rape conviction which was set aside after a judge found that an FBI expert lied at the defendant's trial.

In the context of "mixed" petitions, the Supreme Court has recently addressed a district court's authority to grant stays in habeas cases pending exhaustion of state court remedies.[4] *Rhines v. Weber*, 544 U.S. --, 125 S.Ct. 1528 (2005). In *Rhines*, the Court held that "[b]ecause granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts...", district courts may stay and hold in abeyance habeas petitions only in limited circumstances. *Rhines*, 125 S.Ct. at 1535. See also *Neville v. Dretke*, 423 F.3d 474, 479 (5th Cir. 2005). Accordingly, stay and abeyance is only

---

[4] The undersigned acknowledges that because petitioner does not seek to amend his unexhausted claim at this time, the instant petition is not technically a "mixed" petition. However, at least two courts have applied the *Rhine* criteria under identical circumstances. *McFadden v. Senkowski*, 2005 WL 2000163 (W.D.N.Y. 2005); see also *Faden v. Annetts*, 2005 WL 1765714 (S.D.N.Y. 2005). Given the absence of contrary authority, the undersigned finds *Rhine* applicable herein.

3

appropriate when there is "good cause" for the petitioner's failure to exhaust his claim in state court prior to proceeding in federal court. *Id.* Moreover, even if there is "good cause" for that failure, stay and abeyance is only appropriate when the unexhausted claim is not "plainly meritless." *Id.*

In the instant Motion, Thomas has failed to establish the criteria for the grant of a stay as set forth in *Rhines*. Thomas apparently claims that in November 2005 he discovered that Dr. Laga was not a certified pathologist when he testified for the State during petitioner's 1999 trial. Therefore, Thomas apparently contends that the State knowingly presented "false" testimony from Dr. Laga. Thomas offers no justification as to why he failed to discover this information prior to November 2005, despite the fact that Dr. Laga's competence as a pathologist had been the subject of the two 1999 news articles petitioner submitted. Moreover, Thomas offers no explanation as to why Dr. Laga's credentials were not investigated prior to his 1999 trial, and no explanation as to why he allowed approximately six years to pass since his conviction without initiating any investigation on Dr. Laga's credentials, or the competence or veracity of Dr. Laga's testimony based on those credentials, in order to timely present the issue to the Louisiana state courts. Thus, petitioner has not established "good cause" for his failure to previously exhaust this claim.

Moreover, petitioner has failed to demonstrate that his proposed "additional issue" is not "plainly meritless." To the contrary, this court has previously rejected claims based

on Dr. Laga's alleged incompetence to testify as an expert in the field of forensic pathology, despite the fact that Dr. Laga may not have been a board certified forensic pathologist at the time his testimony was given.[5] See *Gallow v. Cain*, 6:01-2739 (W.D.La. 2001), aff'd, 03-30817 (5th Cir. 4-13-05), cert. denied, 126 S.Ct. 740, 05-6446 (U.S. 11-28-05). Moreover, petitioner has presented nothing in support of his conclusory claim that Dr. Laga gave "false" testimony at petitioner's trial, or that the State prosecutor new of any such "false" testimony and failed to correct it. Finally, given that the limitation period for seeking post-conviction relief in the state courts has clearly passed, federal *habeas* review of this claim would most probably be procedurally barred, and as such, the claim would be deemed "plainly meritless."[6] See *Neville*, 423 F.3d at 480-481.

Moreover, petitioner has not established that the additional claim he now seeks to exhaust and then subsequently add to these proceedings by amended petition is not barred by the one-year federal statute of limitations set forth at 28 U.S.C. 2244(d)(1). Under federal law, petitioner's conviction became final for purposes of the one year limitation period on February 16, 2002, when the time for seeking direct review in the United States

---

[5]That conclusion was based on Dr. Laga's extensive education, training, skill and experience in the field, as well as his having been accepted as a qualified expert in the field of forensic pathology in hundreds of Louisiana courts, a fact which is amply verified in the Louisiana jurisprudence.

[6]Under Louisiana law, petitioner's conviction became final on November 16, 2001, the date that petitioner's request for writs was denied by the Louisiana Supreme Court on direct appeal. La.C.Cr.P. art. 922(D); *State of Louisiana v. Kenny R. Thomas*, 2000-3439 (La. 11/16/2001), 801 So.2d 1073. Except under limited circumstances, no application for post-conviction relief may be considered by a Louisiana court if the application is filed more than two years after the judgment of conviction has become final. L.C.Cr.P. art. 930.8(A). Moreover, except under limited circumstances, Louisiana courts will not entertain successive or repetitive post-conviction applications. L.C.Cr.P. art. 930.4.

Supreme Court expired. See 28 U.S.C. § 2244(d)(1)(A); *Ott v. Johnson,* 192 F.3d 510 (5th Cir. 1999); See also *Clay v. United States,* 123 S.Ct. 1072, 1077 at fn. 3 (2003); Supreme Court Rule 13. Even with the benefit of statutory tolling during the pendency of state post-conviction proceedings, from December 2, 2002 through April 29, 2005, it is clear that well over one year has passed since the filing of the instant Motion.[7] See 28 U.S.C. § 2244(d)(2). Moreover, the filing of a federal *habeas* petition does not toll the federal limitation period. *Duncan v. Walker,* 533 U.S. 167, 181-182, 121 S.Ct. 2120 (2001).

To the extent that petitioner may argue that the limitation period with respect to his additional claim runs from the date on which he discovered the factual predicate for the claim, that argument is without merit. Under §2244(d)(1)(D), the limitation period runs from the date on which "the factual predicate of the claim ... could have been discovered through the exercise of due diligence." Petitioner has not demonstrated that he exercised due diligence in discovering the factual basis for his claim. Petitioner was tried in 1999, over six years ago. Yet, petitioner did not initiate any pre-trial or timely post-trial investigation as to Dr. Laga's credentials, despite the fact that the issue had apparently been raised in the 1999 news articles submitted by petitioner to this court. Moreover, the complained of allegedly "false" testimony was presented at petitioner's 1999 trial, at which petitioner was obviously present. Nevertheless, petitioner failed to exercise due

---

[7]More than one year had also passed at the time petitioner filed his previous Motion to Stay. That Motion was signed by petitioner on January 5, 2006, and received and filed by this court on January 9, 2006.

diligence to discover the factual predicate for his claim so that he could have timely presented the claim to the state courts. Indeed, at this late date, petitioner has yet to present the factual basis for his claim to this court, instead relying on conclusory allegations and irrelevant news articles which have nothing to do with petitioner's case. Accordingly, § 2244(d)(1)(D) is inapplicable.[8]

In *Mayle v. Felix*,-- U.S. --, 125 S.Ct. 2562, 2566 (2005) the Supreme Court held that "[a]n amended habeas petition ...does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." Rather, the claims in an amended federal *habeas* petition will relate back to the original filing "only when the claims added by amendment arise from the same core facts as the timely filed claims ..." *Id.* at 2571.

Applying the *Mayle* analysis reveals that the claim which petitioner will seek to present by amended petition after exhausting state court remedies is time barred. In his original federal *habeas corpus* petition filed on June 20, 2005, petitioner asserts the following claims for relief: (1) Ineffective assistance of counsel due to counsel's failure to file a Motion to Quash petitioner's indictment based on lack of territorial jurisdiction; (2) Trial judge abused his discretion when he refused to accept the recanting testimony of

---

[8]Petitioner's Motion, liberally construed, does not support any argument under § 2244(d)(1)(B) or (C) as the State has not created any impediment which prevented petitioner from filing for relief in either the state court or this court, and petitioner's claim does not rest on any newly recognized constitutional right made retroactively applicable to cases on collateral review by the Supreme Court. Thus, these subsections are not applicable and have not been discussed herein.

7

Jackie Hayes at the hearing on petitioner's Motion for New Trial; (3) Unconstitutional selection process of Grand Jury foreperson under Article 413(B); (4) Use of Louisiana's "short form" indictment was unconstitutional since petitioner's indictment did not allege all of the essential elements of second degree murder; (5) "Newly discovered evidence" in the form of Dr. Perron's affidavit requires a new trial; and (6) Juror and prosecutorial misconduct based an alleged custody proceeding involving one of the jurors and an assistant district attorney which occurred during a break in petitioner's trial.

Thomas' proposed "additional issue" arises from facts and events that differ in both time and type from those set forth in the original pleading. In his original pleading, Thomas did not question the competency or veracity of Dr. Laga's testimony, nor did he complain that the state prosecutor presented and then failed to correct Dr. Laga's allegedly "false" testimony. Moreover, Dr. Laga's testimony, whether truthful or not, is not cited in connection with any of petitioner's pending claims, nor does his testimony form the basis for any of his present arguments. As such, there is no "common 'core of operative facts' uniting the original [claims] and newly asserted claim." *Mayle*, 125 S.Ct. at 2572 (citations omitted). Therefore, should Thomas amend his petition to add this claim in the future, the amended petition would not relate back to the date the original petition was filed, and hence would be deemed untimely filed. *Id.* at 2574. Further, because the claim would be barred by the federal statute of limitations, the claim would be deemed meritless on that ground as well. See *Bader v. Warden*, 2005 WL 1528761, *8

8

(D.N.H. 2005) (unpublished).

For the above reasons, the Motion to Stay filed by *pro se* petitioner Kenny Thomas on February 6, 2006 is **DENIED** with prejudice.

Signed this 17 day of February 2006, at Lafayette, Louisiana.

C. MICHAEL HILL
Unites States Magistrate Judge